IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| CANNY LEWIS FROST, | CV 15-43-M-DLC-JCL |
| Plaintiff, | |
| vs. | ORDER, and FINDINGS AND RECOMMENDATION |
| JOANN ASENCIO, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Plaintiff Canny Frost, proceeding pro se, filed a Motion to Proceed In Forma Pauperis.  Frost submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Because it appears he lacks sufficient funds to prosecute this action **IT IS HEREBY ORDERED** that Frost's Motion to Proceed In Forma Pauperis is **GRANTED**.  This action may proceed without prepayment of the filing fee, and the Clerk of Court is directed to file Frost's lodged Complaint as of the filing date of his request to proceed in forma pauperis.

The federal statute under which leave to proceed in forma pauperis is

permitted — 28 U.S.C. § 1915 — also requires the Court to conduct a preliminary screening of the allegations set forth in the litigant's pleading.  The applicable provisions of section 1915(e)(2) state as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> > (A) the allegation of poverty is untrue; or
> >
> > (B) the action or appeal–
> >
> > > (i) is frivolous or malicious;
> > >
> > > (ii) fails to state a claim on which relief may be granted; or
> > >
> > > (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

The Court will review Frost's pleading to consider whether this action can survive dismissal under the provisions of section 1915(e)(2), or any other provision of law.  *See Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138, 1142 (9th Cir. 2005).

## II.     PLAINTIFF'S ALLEGATIONS

Frost's pleading presents incomprehensible, and seemingly random and unconnected factual matters or allegations.  Frost identifies approximately 15

different Defendants who have no apparent connection to Frost or with each other.

Frost also makes reference to President John F. Kennedy's murder, the murder of

"John Stanely", Abe Lincoln, gold that Defendant Samantha Wadsworth found,

and a "baby rape". His statement of claims refers in the abstract to "freedom",

"freedom of speech", "Grades From Schools", "God Law", the bible, and he wrote

incomprehensible phrases like "Dr. Bradley Irig = physical and mental stability",

and "Grades proof is An overwrite". For his identified injuries Frost jotted down

phrases such as "medications", "time to kill time to heal", "incorrect w/ grades

throughout life", "without belief in ones self", "marijuana for queen tax 500.00$ A

bud 5 million A branch", and he again states "also raped baby/Shawn & Kenneth

Rodda." Frost's written statements in his Complaint are wholly incomprehensible.

## III. DISCUSSION

Because Frost is proceeding pro se the Court must construe his pleading

liberally, and the pleading is held "to less stringent standards than formal

pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *See*

*also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Although the Court has

authority to dismiss a defective pleading pursuant to 28 U.S.C. § 1915(e)(2),

> a district court should grant leave to amend even if no request to amend the
> pleading was made, unless it determines that the pleading could not possibly
> be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The court retains discretion in determining whether a complaint is "frivolous" for purposes of considering whether the pleading fails to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2). *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is frivolous if it has "no arguable basis in fact or law." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). *See also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A totally incomprehensible claim or complaint is without an arguable basis in law. *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989) (superseded by 28 U.S.C. § 1915(e)(2)(B) on other grounds).

Additionally, the term "frivolous [...] embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke*, 490 U.S. at 325. In considering whether a pleading is frivolous, the court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. Rather, the court may "pierce the veil of the complaint's factual allegations" and consider whether the allegations are "fanciful," "fantastic," or "delusional." *Denton*, 504 U.S. at 32-33.

> As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to

contradict them.

*Denton*, 504 U.S. at 33.

Based on the forgoing legal authority and definitions, the Court finds that Frots's allegations and written statements in his Complaint are "frivolous." The Court's summary of his allegations presented above reflects that his claims are fanciful, delusional, or fantastic. His Complaint presents irrational, illogical, and unconnected phrases which fail to provide any comprehensible factual basis and, therefore, are wholly incredible. He presents no plausible underlying factual basis for his conclusory phrases, and he does not present written statements which could be construed as pleading a claim for relief. Frost's disjointed and incoherent allegations make it impossible for the Court to assess whether any valid legal claims exist, leaving the Court with no option but to conclude that the allegations, as pled, are frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2). *See Hakman v. Kotchick*, 129 F.R.D. 432, 433 (N.D.N.Y. 1990) and *Dean Reed Production Corp. v. Los Angeles County Dept. of Children and Family Services*, 2006 WL 3734656, *1 (E.D. Cal. 2006).

Additionally, Frost does not include any allegations in his Complaint establishing that this Court has jurisdiction over any claims he seeks to present. In federal court, a plaintiff's pleading must set forth sufficient allegations to invoke

5

the jurisdiction of this Court. Fed. R. Civ. P. 8(a)(1).[1]

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]... It is to be presumed that a cause lies outside this limited jurisdiction,... and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]

*Kokkonen v. Guardian Life Ins. of America*, 511 U.S. 375, 377 (1994) (citations omitted). A plaintiff bears the burden to establish jurisdiction. *Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co.*, 907 F.2d 911, 912 (9th Cir. 1990). Absent jurisdiction, a case is subject to dismissal. Fed. R. Civ. P. 12(h)(3).

Furthermore, the federal courts are obligated to independently examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990). And a district court may dismiss an action sua sponte whenever it appears that jurisdiction is lacking. Fed. R. Civ. P. 12(h)(3); *Fiedler v. Clark*, 714 F.2d 77, 78-9 (9th Cir. 1983).

In general, a federal court's jurisdiction is limited to cases involving a federal question (28 U.S.C. § 1331), or diversity of citizenship (28 U.S.C. § 1332). Frost's allegations do not include any information establishing that jurisdiction may exist over this action based on either the existence of a federal question, or the diversity of citizenship between Frost and all Defendants. Thus, this case is

---

[1] Pro se litigants are "bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

subject to dismissal for lack of jurisdiction.

## IV.   CONCLUSION

Based on the foregoing, the Court finds Frost's Complaint, as presently

pled, is frivolous and subject to dismissal for failure to state a claim on which

relief could be granted, and for lack of jurisdiction.  But the dismissal must be

without prejudice.  Ordinarily, "[d]ismissal of a pro se complaint without leave to

amend is proper only if it is absolutely clear that the deficiencies of the complaint

could not be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th

Cir. 2007) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir.

1988)).  Under the circumstances, that Court cannot conclude that Frost would be

unable to cure the deficiencies in his Complaint by filing an amended pleading.

Therefore, IT IS RECOMMENDED that Frost's Complaint be DISMISSED

without prejudice.

In view of Frost's pro se status, the Court will afford him an opportunity to

amend his allegations to cure the defects noted in this ruling, and to possibly state

a cognizable claim for relief.  The Clerk of Court is directed to provide him with a

complaint form for filing an amended complaint.

Therefore, IT IS ORDERED that on or before **June 11, 2015,** Frost shall file

an amended complaint.  Pursuant to Fed. R. Civ. P. 8(a), Frost's amended

complaint need only set forth a short and plain statement of his claims against each individual Defendant showing that he is entitled to relief.

Although the rules require only a short and plain statement to establish a defendant's liability for violations of a plaintiff's rights, the plaintiff must still set forth certain basic facts demonstrating how each defendant caused or personally participated in causing a deprivation of the plaintiff's protected rights. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Thus, in any complaint the plaintiff need only write short, plain statements which concisely describe: (1) the federal statutory or constitutional right plaintiff believes was violated; (2) the name of the defendant(s) who violated the right; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of plaintiff's federal or constitutional right; and (5) what injury plaintiff suffered because of that defendant's conduct.

At all times during the pendency of this action, Frost shall immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), or for failure to state a claim for relief.

Frost is advised that his failure to prosecute this action, to comply with the

Court's orders, or to comply with the Federal Rules of Civil Procedure may also result in a recommendation that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b). The Court may dismiss this case under Rule 41(b) *sua sponte* under certain circumstances. *See, e.g., Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).

DATED this 12th day of May, 2015.

_____
Jeremiah C. Lynch
United States Magistrate Judge